```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

ROBERT VOZZELLA,                     :
                                     :
      Plaintiff,                     :
                                     :
      v.                             :    CASE NO.  3:18cv356(DFM)
                                     :
NANCY A. BERRYHILL,                  :
ACTING COMMISSIONER OF SOCIAL        :
SECURITY,                            :
                                     :
      Defendant.                     :

## RULING AND ORDER

The plaintiff, Robert Vozzella, seeks judicial review pursuant to 42 U.S.C. § 405(g) of a final decision by the Commissioner of Social Security ("Commissioner") denying his application for disability insurance benefits. The plaintiff moves to reverse the Commissioner's decision or, alternatively, remand for a rehearing. (Doc. #35.) The Commissioner, in turn, moves to affirm the decision. (Doc. #38.) For the reasons set forth below, the plaintiff's motion is granted and the defendant's motion is denied.[1]

I.  Administrative Proceedings

In April 2015, the plaintiff applied for disability insurance benefits alleging that he was disabled as of September 27, 2013. His application was denied initially and upon reconsideration. He

---

[1] The parties consented to the jurisdiction of a magistrate judge. See doc. #16.

requested a hearing before an Administrative Law Judge ("ALJ"). On April 17, 2017, the plaintiff, represented by counsel, testified at the hearing. A vocational expert also testified. On August 29, 2017, the ALJ issued an unfavorable decision. (R. at 27.) On January 26, 2018, the Appeals Counsel denied review, making the ALJ's decision final. This action followed. On November 5, 2018, the plaintiff filed a motion for reversal or remand and on December 31, 2018, the defendant filed a motion to affirm.

II.  Standard of Review

This court's review of the ALJ's decision is limited. "It is not [the court's] function to determine de novo whether [the plaintiff] is disabled." Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996). The court may reverse an ALJ's finding that a plaintiff is not disabled only if the ALJ applied the incorrect legal standards or if the decision is not supported by substantial evidence. Brault v. Soc. Sec. Admin., 683 F.3d 443, 447 (2d Cir. 2012). "Substantial evidence is more than a mere scintilla. . . . It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Brault, 683 F.3d at 447 (quotation marks and citations omitted).

III. Statutory Framework

The Commissioner of Social Security uses the following five-step procedure to evaluate disability claims:

2

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience.... Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999) (internal alterations and citation omitted).

IV. ALJ's Decision

Following the five step evaluation process, the ALJ first found that the plaintiff had not engaged in substantial gainful activity from his alleged onset date of September 27, 2013 through his date last insured. (R. at 16.) At step two, the ALJ determined that the plaintiff had severe impairments of "lumbar spine impairment, degenerative disc disease, left upper extremity disorders, carpal tunnel syndrome, forearm nerve damage tricep tears, tendinitis (both elbows), bilateral hip pain, right knee disorder (partial torn ACL), plantar fasciitis (left foot), depression and anxiety." (R. at 16.) At step three, the ALJ found that the plaintiff's impairments, either alone or in combination,

3

did not meet or medically equal the severity of a listed impairment in 20 C.F.R. Pt. 404, Subpart P, Appendix 1. (R. at 16.) The ALJ next determined that the plaintiff had the residual functional capacity ("RFC")[2] to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations:

> he could occasionally stoop, crouch, crawl and kneel; occasionally climb ramps and stairs, but could not climb ladders, rope or scaffolds. The claimant could do frequent reaching in all directions, and frequent handling with the left nondominant upper extremity. He could not do production rate or pace work (i.e., assembly line work, working in close tandem with co-workers at an outwardly directed pace) but could do individual table/bench work. The claimant must work in a low stress job having only occasional decision making and occasional changed in work setting.

(R. at 18.)

In steps four and five, the ALJ determined that the plaintiff was not able to perform any past relevant work but could perform other jobs that exist in significant numbers in the national economy. (R. at 26-27.)

V. Discussion

The plaintiff argues that the ALJ failed to develop the record. Specifically, he asserts the ALJ erred in determining the plaintiff's RFC without the benefit of a medical source statement

---

[2]Residual functional capacity ("RFC") is the most a claimant can still do despite his limitations. 20 C.F.R. § 404.1545(a)(1).

4

from any treating physician regarding the plaintiff's work-related limitations.

An ALJ in a social security benefits hearing has an affirmative obligation to develop the record adequately. See Rosa v. Callahan, 168 F.3d 72, 79 (2d Cir. 1999). The "non-adversarial nature of social security benefits proceedings dictates that the obligation exists even when . . . the claimant is represented by counsel." Delgado v. Berryhill, No. 3:17CV54(JCH), 2018 WL 1316198, at *6 (D. Conn. Mar. 14, 2018) (quotation marks and citations omitted). See Pratts v. Chater, 94 F.3d 34, 37 (2d Cir. 1996) ("It is the rule in our circuit that 'the ALJ, unlike a judge in a trial, must himself affirmatively develop the record' . . . .") "Whether the ALJ has satisfied this obligation or not 'must be addressed as a threshold issue.'" Delgado, 2018 WL 1316198, at *6 (quoting Downes v. Colvin, No. 14CV7147(JLC), 2015 WL 4481088, at *12 (S.D.N.Y. July 22, 2015)). "Even if the ALJ's decision might otherwise be supported by substantial evidence. The Court cannot reach this conclusion where the decision was based on an incomplete record." Id. (internal quotation marks omitted).

The regulations provide that the Social Security Administration "will request a medical source statement about what you can still do despite your impairment(s)." Tankisi v. Comm'r of Soc. Sec., 521 F. App'x 29, 33 (2d Cir. 2013) (quoting 20 C.F.R. § 404.1513(b)(6)) (additional citation omitted). "The expert

opinions of a treating physician are of particular importance to a disability determination." Delgado, 2018 WL 1316198, at *7. "The need to obtain medical source statements from a claimant's treating physicians is particularly acute, because SSA regulations give the opinions of treating physicians 'controlling weight,' so long as those opinions are 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with the other substantial evidence in . . . [the] record.'" DeLeon v. Colvin, No. 3:15CV1106(JCH), 2016 WL 3211419, at *3 (D. Conn. June 9, 2016).

Notwithstanding, "it is not per se error for an ALJ to make a disability determination without having sought the opinion of the claimant's treating physician." Sanchez v. Colvin, No. 13 CIV. 6303 (PAE), 2015 WL 736102, at *5 (S.D.N.Y. Feb. 20, 2015) (citing Tankisi v. Comm'r of Soc. Sec., 521 F. App'x 29, 33–34 (2d Cir. 2013)). In Tankisi, the Second Circuit stated that "remand is not always required when an ALJ fails in his duty to request opinions, particularly where . . . the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." Tankisi, 521 F. App'x at 34. The court described the record in that case as "quite extensive" and "voluminous." Id. Notably, although the record did not "contain formal opinions on Tankisi's RFC from her treating physicians, it [did] include an assessment of Tankisi's limitations from a treating physician."

6

Id.  The Tankisi court concluded that under the circumstances remand was not necessary because the voluminous record permitted the ALJ to make an "informed finding" without a formal opinion assessing RFC from the treating source.  "Assessing whether it was legal error for an ALJ to fail to request clarification from a treating physician is a case-specific inquiry that turns on whether an ALJ could reach an informed decision based on the record." Prince v. Berryhill, 304 F. Supp. 3d 281, 289 (D. Conn. 2018)(Hall, J.).  "Records that are deemed to be complete without a medical source statement from a treating physician contain notes that express the treating physician's views as to the claimant's residual functional capacity, i.e., the treating physician's views can be divined from their notes, and it is only a formal statement of opinion that is missing from the Record." DeLeon v. Colvin, No. 3:15CV1106(JCH), 2016 WL 3211419, at *4 (D. Conn. June 9, 2016).

That is not the case here.  Although the ALJ determined that the plaintiff suffered from a multitude of impairments, the record contains no indication of any treating physician's views as to the plaintiff's residual functional capacity.  Unlike Tankisi, there is no assessment of the plaintiff's limitations by any examining physician.  The medical records discuss the plaintiff's impairments and treatment but "offer no insight into how [his] impairments affect or do not affect [his] ability to work, or [his] ability to undertake [his] activities of everyday life." Guillen

7

v. Berryhill, 697 F. App'x 107, 109 (2d Cir. 2017)(Remand is necessary where "the medical records obtained by the ALJ do not shed any light on the [claimant's RFC], and [where] the consulting doctors did not personally evaluate" the claimant.) "[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." Guarino v. Colvin, No. 1:14CV00598(MAT), 2016 WL 690818, at *2 (W.D.N.Y. Feb. 22, 2016). Here, the absence of any medical source opinion as to the plaintiff's limitations left a gap in the record, triggering the ALJ's duty to further develop the record. Under the circumstances of this case, remand is warranted. See, e.g., Wallace v. Berryhill, No. 3:17CV672(RMS), 2018 WL 4253174, at *19 (D. Conn. Sept. 6, 2018)("the record cannot be considered adequate to permit an informed finding by the ALJ of the plaintiff's RFC, and remand is warranted" where the medical records "do not include assessments of the plaintiff's limitations from a treating physician" and "the consulting physicians and psychologists examined the plaintiff on one occasion"); Delgado v. Berryhill, No. 3:17CV54(JCH), 2018 WL 1316198, at *10 (D. Conn. Mar. 14, 2018)("the absence of a complete and reliable functional assessment of [plaintiff's] physical limitations is an obvious gap warranting remand"); Moreau v. Berryhill, No. 3:17CV396(JCH), 2018 WL 1316197, at *8 (D. Conn. Mar. 14, 2018)(remanding where no

8

treating physicians assessed the plaintiff's physical functional limitations); Holt v. Colvin, No. 3:16CV1971(VLB), 2018 WL 1293095, at *7 (D. Conn. Mar. 13, 2018) (remand warranted where "the medical records merely indicate [plaintiff's] diagnoses and symptoms" but "[n]ot one treating physician opined about Plaintiff's functional limitations with respect to her ability to work, which sharply contrasts from the situation in Tankisi where the ALJ was able to rely on the treating physician's assessment of the plaintiff's limitations."); Wolf v. Berryhill, No. 1:16CV327(MAT), 201 7 WL 5166567, at *3 (W.D.N.Y. Nov. 8, 2017)(remanding because "[d]espite the extensive record in this case . . . the ALJ failed to properly develop the record by obtaining a medical source opinion concerning Plaintiff's physical limitations . . . ."); Guarino v. Colvin, No. 1:14CV598(MAT), 2016 WL 690818, at *2 (W.D.N.Y. Feb. 22, 2016) ("[T]he ALJ had no medical source opinions on which to rely in formulating his RFC finding. As such, his RFC determination constituted an impermissible interpretation of bare medical findings."); La Torre v. Colvin, No. 14 CIV. 3615(AJP), 2015 WL 321881, at *12 (S.D.N.Y. Jan. 26, 2015) ("Unlike the ALJ in Tankisi . . ., [the] ALJ [here] did not have even an informal assessment of [plaintiff's] limitations on which to rely in making his determination.").

In light of the foregoing, the court need not address the plaintiff's other arguments because "'upon remand and after a de

novo hearing, [the ALJ] shall review this matter in its entirety.'" Delgado, 2018 WL 1316198, at *15 (quoting Koutrakos v. Astrue, No. 3:11CV306(CSH)(JGM), 2012 WL 1283427, at *7 (D. Conn. Jan. 9, 2012), report and recommendation adopted, 906 F. Supp. 2d 30 (D. Conn. 2012).

VII. Conclusion

For these reasons, the plaintiff's motion to reverse and/or remand the Commissioner's decision (doc. #35) is granted and the defendant's motion to affirm the decision of the Commissioner (doc. #38) is denied.

SO ORDERED at Hartford, Connecticut this 25th day of March, 2019.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge